No. 24-3155

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

---v.---

ISAAC BISHOP CHARLES,

*Defendant-Appellant*.

_____

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

The Honorable Susan O. Hickey, Chief U.S. District Court Judge
No. 2:23-CR-20015

_____

## APPELLANT'S BRIEF
_____

**Christopher H. Baker**

HORTON LAW FIRM
627 Locust St.
Conway, AR 72034
PHONE: (479) 268-4730
FAX: (855) 936-5115

ATTORNEY FOR APPELLANT

# SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Mr. Isaac Charles appeals the judgment and conviction entered against him on October 10, 2024, for possessing a machine gun. Mr. Charles believes that this statutory enactment is unsupported by this Nation's traditions of firearm regulation and violates the Second Amendment.

Prior circuit precedent under *United States v Fincher*, 538 F.3d 868 (2008), may preclude a district court from performing the necessary analysis and review of a Second Amendment claim as established by the U.S. Supreme Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *Fincher*'s reasoning relied upon prior case law that has been grossly modified by *Bruen* and its holding should be overturned.

Mr. Charles believes the court would benefit from oral arguments on the Second Amendment issue and suggests that 15 minutes per side would be adequate to address these matters.

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT ........... i

TABLE OF CONTENTS ................................................................................ ii

TABLE OF AUTHORITIES .......................................................................... iii

JURISDICTIONAL STATEMENT ................................................................ 1

STATEMENT OF THE ISSUES .................................................................... 2

STATEMENT OF THE CASE ....................................................................... 3

    A. BACKGROUND ............................................................................... 3

    B. PROCEDURAL HISTORY .............................................................. 3

SUMMARY OF THE ARGUMENT .............................................................. 5

ARGUMENT ................................................................................................... 5

    1. Standard of Review ............................................................................ 5

    2. Circuit Precedent Abdicates The History and Tradition Test ....... 5

    3. 922(o) Is Facially Incompatible with History and Tradition ......... 7

CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Caetano v. Massachusetts*, 577 U.S. 411, 136 S. Ct. 1027 (2016) ........................... 6

*Dean v. Searcy*, 893 F.3d 504 (8th Cir. 2018) ........................... 2

*Fife v. State*, 31 Ark. 455 (1876) ........................... 8

*Garland v. Cargill*, 602 U.S. 406, 144 S. Ct. 1613 (2024) ........................... 6

*Griffith v. Kentucky*, 479 U.S. 314, 107 S. Ct. 708 (1987) ........................... 1

*Konigsberg v. State Bar of California*, 366 U.S. 36, 81 S. Ct. 997 (1961)). ........................... 7

*McDonald v. City of Chicago*, 561 U.S. 742, 130 S. Ct. 3020 (2010) ........................... 6

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022) ........................... 2, 6, 9

*Sir John Knight's Case*, 3 Mod. 117, 87 Eng. Rep. 75 (K.B. 1686) ........................... 9

*United States v. Donath*, 107 F.4th 830 (8th Cir. 2024) ........................... 2

*United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008) ........................... 2, 5

*United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024) ........................... 4

## STATUTES

18 U.S.C. § 3231 ........................... 1

18 U.S.C. § 922(g) ........................... 4

18 U.S.C. § 922(g)(1) ........................... 3

18 U.S.C. § 922(n) ........................... 4

18 U.S.C. § 922(o) ........................... 1, 2, 10

Appellate Case: 24-3155    Page: 4    Date Filed: 02/05/2025 Entry ID: 5482595

18 U.S.C. 922(o)(1) ................................................................................................ 3

18 U.S.C. 924(a)(2) ................................................................................................ 1

26 U.S.C. § 5812 .................................................................................................... 8

Ark. Code Ann. § 5-73-204 ................................................................................... 9

### OTHER AUTHORITIES

U.S.S.G. § 2k2.1.(a)(4)(B)(i) .................................................................................. 4

U.S.S.G. § 2K21.1(a)(4)(b)(ii) ................................................................................ 4

Wilcock, Paul, The Armoury of His Grace the Duke of Buccleuch and Queensberry,

   Arms & Armor, 9 (2), at 181-205 (2012) ........................................................ 8

### RULES

Fed. R. App. P. 4(b)(1)(A)(i) .................................................................................. 1

# JURISDICTIONAL STATEMENT

**The decision appealed**: Defendant Isaac Charles appeals from judgment and conviction of sentence entered against him on October 10, 2024, in the Western District of Arkansas, on charges of possession of a machine gun. Mr. Charles was sentenced to 46 months of incarceration and appeals that sentence.

**Jurisdiction of the court below**: Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States. The underlying offense in this case was possession of a machinegun in violation of 18 U.S.C. § 922(o) and 924(a)(2), which could be heard by the District Court.

**Jurisdiction of this court**: A judgment on the conviction was entered by the district court on October 10, 2024. A rendered judgment is a final order in a case. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 (1987). Following the entry of the judgment, the defendant filed a timely notice of appeal on October 13, 2024, for this judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i).

# STATEMENT OF THE ISSUES

1. Whether 18 U.S.C. § 922(o)'s ban against machine guns is unconstitutional or consistent with this Nation's tradition and history of firearm regulation under the Second Amendment?

    a. <u>Apposite authority</u>:
        i. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022).

2. Whether the district court applied the appropriate test in determining whether 922(o) was outside of the Second Amendment when it received no supporting evidence from the Government in response to the Motion to Dismiss?

    a. <u>Apposite authority</u>:
        i. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022).

3. Whether *United States v. Fincher*, 538 F.3d 868 (2008) remains a controlling precedent in the Eighth Circuit following *Bruen* and was properly relied upon by the District Court?

    a. <u>Apposite authority</u>:
        i. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022).
        ii. *Dean v. Searcy*, 893 F.3d 504 (8th Cir. 2018).
        iii. *United States v. Donath*, 107 F.4th 830 (8th Cir. 2024).

# STATEMENT OF THE CASE[1]

## A. BACKGROUND

This case begins with a traffic stop. While the appellant, Isaac Charles, was driving on Interstate 40 in Arkansas, Senior Corporal David Smothers, stopped Mr. Charles because Smother's could not read his tag. Because of an alleged odor of marijuana, Smother's searched Mr. Charles' car. During the search, a handgun was found. Attached to the handgun was a 3D-printed device that allowed the firearm action to operate in a fully automatic manner. Mr. Charles was arrested and charged.

## B. PROCEDURAL HISTORY

On November 15, 2023, an indictment was issued against Mr. Charles for possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On November 30, 2023, Mr. Charles was arraigned and entered a plea of not guilty. A superseding indictment was filed on January 18, 2024. This superseding indictment added a new charge which alleged possession of a machine gun in violation of 18 U.S.C. 922(o)(1).

Mr. Charles had his first change of plea on January 26, 2024, where he pleaded guilty to Count One. During the presentence report process, documents obtained by the U.S. Probation Office indicated an error in the previous convictions. The underlying predicate felony that supported the felon in possession charge had been downgraded

---

[1] References to individual docket entries in the district court clerk's record in the underlying criminal case are cited as "R. Doc." with the docket number and page number if applicable.

3

to a misdemeanor. In response to this discovery, the parties filed a joint motion to withdraw the plea of guilty, and the request was granted. R. Doc 33-34.

The parties again came to an agreement and a change of plea was rescheduled for May 2, 2024. At this hearing, Mr. Charles pleaded guilty to possession of a machinegun under Count Two of the superseding indictment. R. Doc. 24.

On September 18, 2024, a Motion to Dismiss was filed by Mr. Charles.[2] R. Doc. 54. In that Motion, Mr. Charles argued that 18 U.S.C. § 922(g) was unconstitutional, both facially and as applied; that the permanent protective order violates the Second Amendment; and that U.S.S.G. § 2K21.1(a)(4)(b)(ii) was unconstitutional. The Government responded to this motion on September 23, 2024. R. Doc. 56.

On September 27, 2024, the District Court denied the Motion to Dismiss. In the District Court's order, Mr. Charles' base offense level was determined to be 20, because Mr. Charles was a prohibited person in violation of 18 U.S.C. § 922(n). R. Doc. 57.

Sentencing took place shortly after. Mr. Charles was sentenced to 46 months in the Bureau of Prisons. A notice of appeal was filed on October 13, 2024.

---

[2] Counsel for Mr. Charles previously notified the Court (then presiding under Judge P.K. Holmes III) on July 26, 2024, of the presentence issue related to *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024), which Mr. Charles believed formed a basis to challenge the previously applied enhancement under U.S.S.G. § 2k2.1.(a)(4)(B)(i). At that time, Counsel was informed by the court in a reply to all the parties that, "Judge Holmes would prefer that you file a separate motion and brief on the *Rahimi* issue." Mr. Charles did so. *See* R. Doc. 54.

4

## SUMMARY OF THE ARGUMENT

The Court should find that Mr. Charles' conviction should be set aside or guideline reduced for the following reasons: (1) the District Court erred in denying Mr. Charles' Motion to Dismiss; (2) the District Court erred in applying the appropriate standard of review of a Second Amendment claim; (3) the Government did not identify or prove that there was a historical analog to the restriction challenged in this case; and, that (4) the District Court erred when it assigned a base offense level of 20 to Mr. Charles for being a prohibited person.

## ARGUMENT

1. <u>Standard of Review</u>

Issue No. One is a constitutional challenge to a federal statute; the standard of review is *de novo*.

Issue No. Two is a question of law, and the standard of review is *de novo*.

Issue No. Three is a question of law, and the standard of review is *de novo*.

2. <u>Circuit Precedent Abdicates The History and Tradition Test</u>

In denying the Motion to Dismiss, the Circuit Court relied directly on pre-*Bruen* Eighth Circuit precedent. This was problematic because the circuit precedent is inconsistent with the standards of review and analysis as established by the United States Supreme Court post-*Heller*. The foundation of the District's Second Amendment analysis is resting on a 2008 decision, *United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008). This decision is not in sync with current Second Amendment precedent.

5

At the time of this decision, the "United States Supreme Court ha[d] not addressed the question whether the Second Amendment [was] incorporated through the Fourteenth Amendment and thus applicable to the states." It has since, and the Fourteenth Amendment applies. *See McDonald v. City of Chicago*, 561 U.S. 742, 750, 130 S. Ct. 3020, 3026 (2010).

Since this decision, the Supreme Court has reinforced that the "Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Caetano v. Massachusetts*, 577 U.S. 411, 411, 136 S. Ct. 1027, 1027 (2016)(quoting Heller, 554 U.S. 570, 582, 128 S. Ct. 2873 (2008)). The theory that whether a weapon was 'unusual' or had a direct tie to 'common use' was also circumscribed. *Id.* at 412, 136 S. Ct. 1028. Further, members of the Court also pointed to lingering questions on classifying weapons as dangerous and unusual. *Id.* at 417, 136 S. Ct. 1031. (Alito, J. concurring).

Since this decision, the Supreme Court has determined that bump stocks are not machine guns. *Garland v. Cargill*, 602 U.S. 406, 423, 144 S. Ct. 1613, 1624 (2024). This was done despite the Government's arguments that bump stocks effectively remove the user inputs required to make firearms fire at a high rate, just like machine guns. *Id.* at 427, 144 S. Ct. 1626.

Finally, since this decision, the Supreme Court has determined that the two-part approach conjured by lower courts in the wake of *Heller* to decide the Second Amendment was an inappropriate method to review these claims. *N.Y. State Rifle &*

6

*Pistol Ass'n v. Bruen*, 597 U.S. 1, 17, 142 S. Ct. 2111, 2125 (2022)( "In the years since [*Heller and McDonald*] the Courts of Appeals have coalesced around a "two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny). Instead of the two-step approach, the court in *Bruen* determined that if the plain text of the Second Amendment covers an individual's conduct, then the Government must justify its regulations by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. *Id.* at 24, 142 S. Ct. 2111, 2130 (2022). Importantly, *only after* this may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command. *Id.* (quoting *Konigsberg v. State Bar of California*, 366 U.S. 36, 50, n.10, 81 S. Ct. 997, 1006 (1961)).

As shown, much has changed since 2008. This Circuit has understood when future decisions haven't changed our precedent, and it should rightfully acknowledge when they have. *See e.g. United States v. Allen*, 630 F.3d 762, 766 (8th Cir. 2011)(Noting that nothing from Supreme Court precedent up to *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010) – which were decided after *Fincher* had changed the rule in this circuit.). *Finchner's* holding rests upon an unsupportive foundation and must be reconstructed. *See McCullough v. AEGON USA, Inc.*, 585 F.3d 1082, 1085 (8th Cir. 2009).

### 3. 922(o) Is Facially Incompatible with History and Tradition

The Eighteenth Amendment, adopted in 1919, banned the "manufacture, sale, or transportation of intoxicating liquors...for beverage purposes." Although the Twenty-first Amendment repealed the Eighteenth in 1933, the violence associated with

7

Prohibition was one of the motivating factors for the passage of the National Firearms Act (NFA) in June of 1934. Until then, machine guns were wholly legal. Even under the NFA, machine guns were not banned. Rather, they were just taxed. It was not until 1968 that Congress restricted these weapons under the Gun Control Act. This modern prohibition is separated from the founding era by close to 200 years.

Machine guns are time-aged devices, not a modern new concept. Rapidly firing armaments have been patented and constructed by humans since at least 1718. At that time, James Puckle had invented the "Puckle Gun" which was one of the earliest firearms referred to as a "machine gun." Wilcock, Paul, *The Armoury of His Grace the Duke of Buccleuch and Queensberry, Arms & Armor*, 9 (2), at 181-205 (2012)(noting that on the shipping manifest for a June 1722 expedition references to "2 Machine Guns of Puckles" were identified).

Moving through the early 1900s, parents and grandparents may even recall being able to mail order a Thompson sub-machinegun from an everyday store catalog like Sears Roebuck. Present day, with a healthy checking account, one can still freely buy a transferrable machine gun. *See* 26 U.S.C. § 5812. That the far reaches of the Second Amendment are only within the reach of the affluent elite is certainly an ironic position for a country of "equals."

For additional historical context, specifically related to Arkansas, we can also look at the legal history of the Arkansas Constitution. As early as 1876, Arkansas courts interpreting the state Constitution held that the right to keep and bear arms only applied

8

to weapons whose purpose is to be used in war. *See Fife v. State*, 31 Ark. 455 (1876). Additionally, under state law, for an arm to be protected it needed to be effective as a weapon of war and useful and necessary for the common defense. *Id.* While this may be different from today's right, it clearly shows the historical context.

Throughout our historical past, machine guns have never been prohibited by the State of Arkansas. Even in 2025, Arkansas law does not prohibit the simple possession of a machine gun. Ark. Code Ann. § 5-73-204 (Lexis, 2024). It does prohibit possessing and using a machine gun for an offensive or aggressive purpose. *Id.* Such a requirement is not surprising. They are similar to common law and the founding era precedent that precluded individuals from riding and causing controversy. *See Sir John Knight's Case*, 3 Mod. 117, 118, 87 Eng. Rep. 75, 76 (K.B. 1686)(noting that the act of going armed to terrify the King's subject was recognized at common law as a great offence)(internal quotation marks omitted). This long-standing history and tradition of free access to firearms should be considered since Arkansans have the right to defend their Nation, their State, and their families with bearable arms. Other states may hate guns, but Arkansas is not one of them.

For centuries in America, people could routinely purchase, trade, and sell machine guns to one another. This conclusion is supported by the text, history, and tradition analysis adopted in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). The decision is not about policy or politics. There is

simply a void of evidentiary support for a categorical ban on a type, function, or action of bearable arms.

## C. CONCLUSION

For the foregoing reasons, the appellant, Isaac Charles, respectfully requests this Court to declare that 18 U.S.C. § 922(o) violates the Second Amendment and vacate the conviction and sentence imposed by the United States District Court for the Western District of Arkansas.

Date Signed: February 4, 2025  Respectfully submitted,

/s/ Christopher H. Baker

Christopher H. Baker
Horton Law Firm
627 Locust St.
Conway, AR 72034
Office: (479) 268-4730
Email: Chris@Callhorton.com
*Attorney for Appellant Isaac Charles*

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limitations of Fed. R. App. P. 32, by way of Fed. R. App. P. 5(c)(1), because excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 2,274 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced type using Microsoft Garamond, size 14.

3. The electronic versions of this brief and the accompanying addendum have been scanned for viruses and are virus-free.

Date Signed: February 4, 2025          /s/ Christopher H. Baker

Christopher H. Baker
Horton Law Firm
627 Locust St.
Conway, AR 72034
Office: (479) 268-4730
Email: Chris@Callhorton.com
*Attorney for Appellant Isaac Charles*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, February 4, 2025, I am forwarding a copy of the foregoing document to counsel of record by mail to 414 Parker Ave, Fort Smith, AR 72901-1902 and by email. Additionally, 10 copies are being transmitted to the United States Court of Appeals for the Eighth Circuit at 111 South 10th Street, Room 24.329, St. Louis, Missouri 63102 by Federal Express.

/s/Christopher Baker

Christopher Baker, Esq.
Arkansas Bar No. 2022124

Horton Law Firm
627 Locust St.
Conway, AR 72034
Office: (479) 268-4730
Email: Chris@callhorton.com
*Attorney for Isaac Charles*